IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANIL KUMAR** **PETITIONER**

**VERSUS** **CIVIL ACTION NO. 5:20-cv-92-DCB-MTP**

**WARDEN SHAWN R. GILLIS** **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Anil Kumar's Petition for Writ of Habeas Corpus [1]. Having carefully considered the record, the parties' submissions, and the applicable law, the undersigned recommends that the Petition [1] be dismissed as moot.

On March 31, 2020, Kumar filed his Petition pursuant to 28 U.S.C. § 2241. Petitioner challenged his continued civil immigration detention after a final removal order and requested to be released from custody. Pet. [1] at 7.

On August 12, 2020, Respondent filed a Motion to Dismiss [7]. Respondent argues that the Petition [1] is moot because Kumar was removed to India on June 22, 2020. Mot. [7]. Ex A at 1. Petitioner has not responded to the Motion [7] and the time for doing so has expired.

Because the only relief Petitioner seeks is his release from immigration custody, his Petition [1] became moot upon his deportation from the United States, which terminated his immigration detention. *See Ighekpe v. Sourkaris*, 2006 WL 297746, at *2 (N.D. Tex. Jan. 30, 2006) (citing *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003)); *Lay v. I.N.S.*, 2002 WL 32494536, at *1 (N.D. Tex. Dec. 17, 2002). The Petition no longer presents a live case or

controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. Therefore, it should be dismissed as moot.[1]

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Respondent's Motion to Dismiss [7] be GRANTED and the Petition [1] be dismissed as moot.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 27th day of August, 2020.

s/ Michael T. Parker
United States Magistrate Judge

---

[1] Petitioner did not respond to the Motion to Dismiss [7] and has not asserted that he continues to suffer adverse consequences. Therefore, the collateral-consequences doctrine does not apply. *See Spencer v. Kemna*, 523 U.S. 1, 7-9 (1998).